1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON, AT SEATTLE**

\* \* \* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; PAINTERS AND ALLIED TRADES LABOR-MANAGEMENT COOPERATION INITIATIVE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 5, <br><br> Plaintiffs, <br><br> vs. <br><br> EDI INTERNATIONAL LLC, a Washington limited liability company; MAMADOU LEIGH, an individual; DOES & ROES I-X, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT** |

COMPLAINT
Case No.

Page 1

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

## COMPLAINT

The Plaintiffs, the Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Western Washington Painters Defined Contribution Pension Trust, Board of Trustees of the District Council No. 5 Apprenticeship and Training Trust Fund, Board of Trustees of the International Painters and Allied Trades Industry Pension Fund, Painters and Allied Trades Labor-Management Cooperation Initiative, and International Union of Painters and Allied Trades District Council No. 5 (collectively "Plaintiffs"), by and through their counsel, Christensen James & Martin and The Urban Law Firm, complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Trusts are administered, the signatory labor organization maintains its office, where the relevant acts took place, and where the contractual obligation is to be paid.

COMPLAINT
Case No.

Page 2

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES AND GENERAL ALLEGATIONS

5. The Employee Painters' Trust, Western Washington Painters Defined Contribution Pension Trust, District Council No. 5 Apprenticeship and Training Trust Fund, and International Painters and Allied Trades Industry Pension Fund (collectively "Trusts"), are express trusts created pursuant to written declarations of trust ("Trust Agreements") between various unions, including the International Union of Painters and Allied Trades District Council No. 5 and its associated Locals ("Union"), and various employer associations.

6. The Trusts exist to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C. §1002(37), (2) and (3).

7. The Board of Trustees and the individual Trustees of each of the Trusts is a "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trusts and related matters.

8. The Trusts were created and now exist pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are administered in Seattle, Washington.

9. At all times material herein, the Union has been a labor organization representing employees in the construction industry in Western Washington and surrounding areas. The Union represents employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

10. The Painters and Allied Trades Labor-Management Cooperation Initiative ("LMCI") is an unincorporated association or fund to which the Defendants named herein are

COMPLAINT
Case No.

Page 3

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

required to make monetary contributions pursuant to the terms of the labor agreement, as described below.

11. Defendant EDI International LLC ("EDI") is a Washington limited liability company identified by Washington UBI Number 603 051 941.

12. Defendant EDI was and/or is a contractor operating in the State of Washington under Washington State Department of Labor & Industries License No. EDIINIL905RL ("EDI License") as a commercial painting contractor.

13. Defendant Mamadou Leigh was and/or is an individual residing in the State of Washington and is an owner, member, manager, and governing person for EDI.

14. Defendant Mamadou Leigh is the primary owner, member, manager, governing person, officer, director, principal and/or key employee of EDI, whose employment duties required decision making regarding the operations of EDI, procurement and negotiation of contracts, hiring/firing of work force, directing labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll and remitting reports, contributions and payments to the Trust Funds for each hour of covered labor performed.

15. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-X, inclusive, and Roe Corporations I-X, inclusive, are unknown to the Plaintiffs at this time and are therefore sued by fictitious names. The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

16. On or around March 24, 2011, Mamadou Leigh, as agent of EDI, executed that certain collective bargaining agreement called the Western Washington Area Agreement for the Professional Painting Industry between EDI and the Union ("CBA"), wherein EDI agreed to be

COMPLAINT
Case No.

Page 4

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

bound to the terms and provisions of the CBA and each of the Trust Agreements utilized to create the Trusts.

17. EDI is an "employer" as that term is understood and defined in the CBA and EDI is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

18. EDI is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 209 U.S.C. § 185(a).

19. The term "employer" also includes any person acting directly or indirectly as an agent of EDI.

20. The CBA prohibits EDI from directly or indirectly performing, undertaking, accomplishing any painting work (as more particularly described in the CBA) except in complete compliance with the terms and provisions of the CBA.

21. The term "employee" in the CBA refers to any person performing painting work (as more particularly described in the CBA) at the request or on behalf of EDI, without regard to Union membership or affiliation.

22. Thus, the CBA covers and applies to all painting work (as more particularly described in the CBA) performed at the request or on behalf of EDI, whether the work is performed by an owner, manager, supervisor, employee, independent contractor, or subcontractor and without regard to Union membership.

23. At all times material herein, EDI has been obligated by the terms of the CBA and Trust Agreements to submit monthly written reports to the Plaintiffs showing all hours of painting work performed that are covered by the CBA. EDI is required to submit these monthly remittance reports to the Plaintiffs even if no covered work was performed during the work month to be reported.

COMPLAINT
Case No.

Page 5

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

24. At all times material herein, EDI has been obligated by the terms of the CBA and Trust Agreements to properly pay to the Plaintiffs fringe benefit contributions, benefits, dues, and/or withholdings for health, welfare, pension, retirement, training, and other employee benefits on a monthly basis and at specified rates for each and every hour of painting work performed that is covered by the CBA.

25. Contributions to the Trust Funds and LMCI are required to be remitted by the employer in addition to wages, while dues are required to be deducted from wages and remitted by EDI to the Plaintiffs.

26. As a result of the report and contribution obligations imposed by the CBA, the Plaintiffs are intended beneficiaries of the CBA and EDI is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

27. EDI is required by ERISA, 29 U.S.C. § 1059, to maintain records sufficient to determine the benefits due or which may become due to individuals performing covered work on its behalf, including records of compensation, time worked, and work performed.

28. The Plaintiffs engaged Lindquist LLP ("Auditor"), a professional accounting firm, to conduct a payroll compliance review ("Audit") of EDI's records to test EDI's compliance with the report and contribution payment obligations imposed by the CBA for the period of February 1, 2012 through February 28, 2019 ("Audit Period")

29. During the Audit Period, EDI repeatedly submitted monthly reports to the Plaintiffs indicating that zero hours of covered labor were performed, as if EDI was not performing any painting work covered by the CBA.

30. In reviewing EDI's records for the Audit Period, the Auditor did not find any payroll or compensation records of covered labor performed that had not been reported to the Plaintiffs.

31. Despite not having any internal records of work performed, during the Audit

COMPLAINT
Case No.

Page 6

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

1  Period, EDI submitted several statements of intent to pay prevailing wages and affidavits of
2  wages paid to the Washington Department of Labor & Industries ("L&I") on multiple public
3  works projects indicating that EDI had performed painting labor and that all such work had been
4  performed by the owners of EDI.

5      32. This painting labor reported to L&I was not reported to the Plaintiffs and no
6  contributions were remitted to the Plaintiffs for this work.

7      33. The Auditor reviewed EDI's payroll records but did not find payroll records for
8  work performed by the owners of EDI. In other words, EDI did not keep records of work
9  performed by its owners or keep records of wages paid to its owners for such work. Further, the
10 intents and affidavits filed with L&I did not indicate the exact number of hours of painting labor
11 performed by EDI's owners.

12     34. The Plaintiffs are entitled to receive payments from EDI for all covered labor
13 performed by EDI, including work performed by its owners, measured by the contributions that
14 should have been paid had EDI abided by the terms of the CBA and Trust Agreements.

15     35. Utilizing contract amounts set forth on the affidavits and intents filed with L&I,
16 the Auditor calculated the approximate hours worked by EDI and calculated $489,798.93 in
17 fringe benefit contributions, benefits, dues, and/or withholdings that are owed to the Plaintiffs as
18 a result of EDI's failure to report and pay in accordance with the terms of the CBA and Trust
19 Agreements.

20     36. Pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2), the Auditor
21 also calculated $160,934.43 in interest on the unpaid contributions accrued from the date the
22 contributions should have been paid through October 31, 2019.

23     37. Pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2), the Auditor
24 also calculated $83,694.44 in liquidated damages on the unpaid contributions.

25

COMPLAINT
Case No.

Page 7

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

38. Plaintiffs have incurred audit fees and costs in the total amount of $2,521.00, which are due and payable from EDI pursuant to the terms of the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2).

39. Plaintiffs have incurred attorney's fees in the current amount of $4,239.04, which are due and payable from EDI pursuant to the terms of the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2).

40. In total, the amount due and owing to the Plaintiffs from EDI at the time of filing this Complaint is $741,187.84.

41. Pursuant to the express terms of the Trust Agreements for the Employee Painters' Trust, Western Washington Painters Defined Contribution Pension Trust, and District Council No. 5 Apprenticeship and Training Trust Fund, corporate officers are personally liable for contributions and related damages owed to the Trust Funds, as follows:

> In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VI 11. Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

42. Defendant Mamadou Leigh, as the corporate officer of EDI responsible for making contributions to the Employee Painters' Trust, Western Washington Painters Defined Contribution Pension Trust, and District Council No. 5 Apprenticeship and Training Trust Fund, is individually liable for the contributions, interest, liquidated damages, audit fees, attorney's fees, and costs owed to those Trusts by EDI.

COMPLAINT
Case No.

Page 8

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

43. At the time of filing this Complaint, the total amount owed to the Employee Painters' Trust for unpaid fringe benefit contributions is $249,081.66, plus interest, liquidated damages, audit fees, attorney's fees, and costs.

44. At the time of filing this Complaint, the total amount owed to the Western Washington Painters Defined Contribution Pension Trust for unpaid fringe benefit contributions is $100,246.37, plus interest, liquidated damages, audit fees, attorney's fees, and costs.

45. At the time of filing this Complaint, the total amount owed to the District Council No. 5 Apprenticeship and Training Trust Fund for unpaid fringe benefit contributions is $26,864.89, plus interest, liquidated damages, audit fees, attorney's fees, and costs.

## FIRST CAUSE OF ACTION
[Breach of Written Labor Agreement and Related Trust Agreements – EDI]

46. The Plaintiffs herein restate and reallege the above allegations as if fully set forth verbatim.

47. By the terms of the CBA and Trust Agreements, EDI was required to remit reports and fringe benefit contributions, benefits, dues and/or withholdings to the Plaintiffs for each hour of covered labor performed by its employees.

48. EDI is contractually delinquent by failing to properly report covered labor, to remit Reports and to pay fringe benefit contributions, benefits, dues and/or withholdings to the Plaintiffs or other contract damages when due.

49. EDI breached the CBA and related Trust Agreements by failing to timely and properly submit reports and/or fringe benefit contributions, benefits, dues and/or withholdings to the Plaintiffs and/or by failing to pay contract damages as described herein.

50. Pursuant to the CBA and Trust Agreements, EDI agreed that in the event of any delinquency, EDI would pay, in addition to the delinquent Contributions: (i) interest thereon at the rates established by the Plaintiffs, or at the legal rate, whichever is greater; (ii) liquidated

COMPLAINT
Case No.
Page 9

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

damages thereon in an amount set by the CBA, Trust Agreements or as otherwise provided by law; and (iii) all legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced.

51. It has been necessary for the Plaintiffs to engage the law firms of Christensen James & Martin and The Urban Law Firm to enforce the contractual obligations owed to the Plaintiffs and collect any and all amounts due.

52. Pursuant to the CBA and Trust Agreements, EDI owes the Plaintiffs contributions, benefits, dues and/or withholdings calculated or measured by all hours of covered labor performed by EDI, plus interest at the contractual rate on all unpaid contributions from the dates the sums were originally due to the Plaintiffs to the date of judgment, liquidated damages, reasonable attorney's fees, court costs, and auditing costs incurred by the Plaintiffs as a result of the breaches described herein.

53. Under 29 U.S.C. 1132(g)(2), the Plaintiffs are entitled to collect double the interest in lieu of the liquidated damages total if higher.

54. Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law. The amount of such interest will be established by proof at trial.

**SECOND CAUSE OF ACTION**
[Violation of ERISA - 29 U.S.C. § 1145 – EDI]

55. The Plaintiffs herein restate and reallege the above allegations as if fully set forth verbatim.

56. By failing to report and pay contributions to the Plaintiffs in accordance with the CBA and Trust Agreements, EDI has violated ERISA [29 U.S.C. § 1145]. In accordance with the terms of the CBA and Trust Agreements, and pursuant to Section 502(g)(2) and 515 of ERISA [29 U.S.C. §§ 1132(g)(2) and 1145], the Plaintiffs are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, audit costs, attorneys' fees, costs

COMPLAINT
Case No.

Page 10

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

incurred in enforcing the terms of the CBA and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

57. The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk the Plaintiffs' ability to provide required employee benefits to their beneficiaries.

58. The Plaintiffs' remedies at law are not sufficient to adequately compensate the Plaintiffs or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

59. The Plaintiffs are likely to prevail on the merits of their claims.

60. The Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and other applicable law affirmatively compelling EDI to submit all monthly remittance reports and pay all contribution amounts and related damages to the Plaintiffs in compliance with their obligations under the CBA and Trust Agreements.

61. The Plaintiffs are entitled to all remedies provided by ERISA as and for compensation for the Defendants' violations.

### THIRD CAUSE OF ACTION
[Breach of Written Trust Agreements – Mamadou Leigh]

62. The Plaintiffs herein restate and reallege the above allegations as if fully set forth verbatim.

63. The CBA incorporates the terms of the Trust Agreements governing the Trusts.

64. The Trust Agreements for Plaintiffs Employee Painters' Trust, Western Washington Painters Defined Contribution Pension Trust, and District Council No. 5 Apprenticeship and Training Trust Fund each contain an express provision imposing personal liability for unpaid contributions and related damages on the President, Treasurer, or other corporate officer of the employer responsible for payment of contributions for an employer

COMPLAINT
Case No.

Page 11

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

1  required to make such contributions.

2  65. At all times material herein, Defendant Mamadou Leigh, as EDI's corporate
3  officer responsible for making payment of contributions to the Plaintiffs and EDI's agent who
4  signed the CBA binding EDI to the CBA, became personally and individually bound and liable
5  to the Employee Painters' Trust, Western Washington Painters Defined Contribution Pension
6  Trust, and District Council No. 5 Apprenticeship and Training Trust Fund, pursuant to the
7  express terms of the Trust Agreements governing those Trust Funds, for the contributions and
8  related damages owed to those Trust Funds by EDI.

9  **PRAYER FOR RELIEF**

10  WHEREFORE, the Plaintiffs pray for Judgment against Defendants, and each of them,
11  as follows:

12  1. For the Court's Order enjoining EDI from failing to timely pay to the Plaintiffs
13  delinquent amounts discovered by the audits or as otherwise incurred in the normal course of
14  business;

15  2. For the Court's Order compelling EDI to deliver to the Plaintiffs monthly
16  remittance reports detailing all covered work performed;

17  3. For the Court's Order affirmatively compelling EDI to abide by the terms of the
18  CBA, including, but not limited to, submitting and paying accurate monthly contribution
19  remittance reports and contribution amounts to the Plaintiffs on a timely basis;

20  4. For the Court's Order enjoining EDI from failing to timely pay the Plaintiffs
21  future contribution amounts, as they become due;

22  5. For unpaid fringe benefit contributions in the amount of $489,798.93, or in
23  amounts to be proven at trial;

24  6. For damages for breach of contract and violation of ERISA in an amount to be
25  proven at trial;

COMPLAINT
Case No.
Page 12

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

1  7. For accrued interest on all unpaid contributions and damages from their due dates until paid, $160,934.43 as of the date of filing this Complaint, or in an amount to be proven at trial;

8. For an amount equal to the greater of interest on the unpaid contributions or liquidated damages in amount of $83,694.44, or in an amount to be proven at trial;

9. For the Plaintiffs' audit fees and costs in the amount of $2.521.00, or in an amount to be proven at trial;

10. For Plaintiffs' reasonable attorney's fees incurred to collection the delinquencies discussed herein and for having to bring this action to compel reporting compliance and contribution recovery with associated damages in the amount of $4,239.04, or in an amount to be proven at trial;

11. For the Plaintiffs' costs of suit incurred herein;

12. For relief as alleged against the EDI Bond;

13. For such additional relief as may be provided for by 29 U.S.C. § 1132; and

14. For such additional relief as this Court may deem just and proper.

DATED this 28th day of January 2020.

| CHRISTENSEN JAMES & MARTIN | THE URBAN LAW FIRM |
|---|---|
| By: */s/ Wesley J. Smith* | By: *s/ Sean W. McDonald* |
| Wesley J. Smith, Esq. | Sean W. McDonald, Esq. |
| WSBA # 51934 | WSBA # 48542 |
| 11900 NE 1st St., Suite 300, Building G | 720 N. 10th Street, A #389 |
| Bellevue, WA 98005 | Renton, WA 98057 |
| P. (702) 255-1718 | P. (702) 968-8087 |
| F. (702) 255-0871 | F. (702) 968-8088 |
| wes@cjmlv.com | smcdonald@theurbanlawfirm.com |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

COMPLAINT
Case No.

Page 13

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*